LITTON SYSTEMS, INC., et
al., Plaintiffs,

v.

LIPPMANN–MILWAUKEE,
INC., Defendant.

No. 72–C–566.

United States District Court,
E. D. Wisconsin.

Dec. 11, 1979.

See also, D.C., 481 F.Supp. 763.

Quarles & Brady by Thomas O. Kloehn, Gregory S. Pokrass, Milwaukee, Wis., for plaintiffs.

Denny & Yanisch by William A. Denny, Milwaukee, Wis., for Lippmann.

Reinhart, Boerner, Van Deuren, Norris & Rieselbach by Scott W. Hansen, William R. Steinmetz, Milwaukee, Wis., for Gabriel.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the motion of the defendant Lippmann-Milwaukee, Inc. for summary judgment as to a cause of action brought on behalf of Lippmann, Inc. This motion was originally filed in the circuit court for Milwaukee County in case # 451–410. Pursuant to a stipulation and order entered October 18, 1979, that case was transferred to this court for resolution since claims in this case, 72–C–566, are essentially similar and arise out of the same facts as the claims in the state court action.

The complaint filed by Litton in state court alleged three causes of action. When the instant motion was filed, it sought dismissal of the first and second claims for relief. In a letter to the state court dated June 15, 1979, Lippmann-Milwaukee's attorney withdrew the motion insofar as it was directed at the second claim for relief. Accordingly, I need only resolve the motion for summary judgment as to Litton's first cause of action in its state complaint.

In that cause of action, Litton alleges that Lippmann, Inc. was a wholly-owned subsidiary of Litton authorized to transact business in the state of Wisconsin as of September 11, 1973. Litton also claims that the defendant, Lippmann-Milwaukee, Inc., is a Wisconsin corporation which filed its

articles of incorporation with the Wisconsin Secretary of State on October 4, 1976. Litton further alleges that Lippmann-Milwaukee's corporate name "is the same as and/or deceptively similar to the name of plaintiff, Lippmann, Inc., a name to which plaintiff has exclusive right and the use of which is an unlawful practice under the laws of the State of Wisconsin." Litton claims that as a result of this "unlawful practice" it has suffered commercial harm and therefore seeks injunctive relief preventing the defendant from using the name "Lippmann-Milwaukee, Inc." or any other name whose similarity will result in confusion, and an accounting of all profits derived from sales which resulted from the use of "deceptively similar names."

This cause of action is based on § 180.-07(3), Wis.Stats., which provides in pertinent part that "[t]he corporate name . . shall not be the same as or deceptively similar to the name of any corporation existing under any law of this state, or any foreign corporation authorized to transact business in this state, . . . ."

Lippmann-Milwaukee's motion for summary judgment as to this claim is based on two arguments. First, the defendant contends that the plaintiff's claim is barred by § 180.47, Wis.Stats., which provides:

"The certificate of incorporation issued pursuant to section 180.46 shall be conclusive evidence that all conditions precedent required to be performed by the incorporators have been complied with and that the corporation has been incorporated under this chapter, except as against this state in a proceeding to cancel or revoke the certificate of incorporation."

With regard to this section, the Wisconsin attorney general has stated in an advisory opinion:

"However, it is my opinion that the effect of sec. 180.47, Stats., is to provide all parties which obtain a certificate of incorporation from the Secretary of State, even under the circumstances you describe, with unassailable *de jure* status as Wisconsin corporations, except as against the state." 62 OAG 160, 163 (1973).

In my opinion, neither § 180.47 nor the opinion of the state attorney general bars the plaintiff's claim. Section 180.47, as interpreted by the attorney general, merely establishes that an entity's status as a corporation is "unassailable" from a *de jure* standpoint, except by the state, after obtaining a certificate of incorporation. Even though it is securely established as a corporation, the company is not insulated by the statute from private suit seeking damages or injunctive relief as a remedy for the use of a deceptive corporate name. Litton's state claim with regard to corporate name is consistent with its second cause of action in its federal suit in which it alleges that the defendants have deceptively used the name "Lippmann" to market their products.

The second ground for the instant motion for summary judgment is that Lippmann, Inc., while a subsidiary of Litton, was a shell corporation which did not use the name "Lippmann." This contention is consistent with the defendant's contention in the federal action that Litton had abandoned use of the name "Lippmann" and thereby could not claim trademark or trade name rights in that name. The court of appeals for this circuit, in its decision dated June 4, 1979, held that summary judgment was inappropriate with regard to this contention. In my judgment, many of the factual issues which need to be tried with regard to the defendant's claim of abandonment are also pertinent to the claim made by Lippmann-Milwaukee here. Accordingly, Lippmann-Milwaukee's motion for summary judgment will be denied, and the merits of its contentions will be heard at the trial presently scheduled for March 3, 1979.

Therefore, IT IS ORDERED that the motion of Lippmann-Milwaukee, Inc. for summary judgment be and hereby is denied.